UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KEITH FISHER,

        Petitioner,

v.

BUREAU OF PRISONS,

        Respondent.

Civil No. 07-3822 (PAM/AJB)

**REPORT AND RECOMMENDATION**

        This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be construed to be a motion for relief under 28 U.S.C. § 2255, and that this matter be transferred to the United States District Court for the Eastern District of Pennsylvania.

**I. BACKGROUND**

        Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota. He is serving a 96-month federal prison sentence that was imposed on July 17, 2003, in the United States District Court for the Eastern District of Pennsylvania. Petitioner was sentenced pursuant to a plea agreement, by which he pled guilty to several federal criminal offenses involving mail fraud and bank fraud.

        After Petitioner was convicted and sentenced, he filed a direct appeal in the Third Circuit Court of Appeals, claiming that the trial court judge had committed various sentencing errors. The Court of Appeals rejected most of Petitioner's claims, but the case was remanded to the trial court to correct an error in the restitution component of

Petitioner's sentence. United States v. Fisher, No. 03-3164 (3rd Cir.), 2005 WL 271541, (unpublished opinion), cert. denied, 546 U.S. 889 (2005).

On remand, the trial court addressed the restitution error that had been identified by the Court of Appeals. Petitioner attempted to raise some additional challenges to his sentence, but the trial court considered only the specific restitution-related issue discussed in the Court of Appeals' decision. Petitioner subsequently filed a second, post-remand, appeal to the Third Circuit, claiming that the trial court had "erred by limiting the scope of his hearing on remand to the issue of establishing a payment schedule for restitution." United States v. Fisher, 219 Fed.Appx. 142 (3rd Cir. 2007), pet. for cert. filed, June 4, 2007. However, the Court of Appeals agreed with the trial court's understanding of the scope of the remand order, and upheld the trial court's post-remand rulings. Id. at 144 ("it was not erroneous for the District Court to refuse Fisher's request to revisit its determination of the restitution amount or reopen the entire sentencing hearing").

Petitioner filed his current § 2241 habeas corpus petition on August 28, 2007. It is readily apparent that he is attempting (once again) to challenge the sentence imposed by the trial court back in July 2003. His petition sets forth a fairly detailed explanation of why he believes the trial court "miscalculated" his sentence. (Petition, [Docket No. 1], p. (4A).) Petitioner contends the trial court erroneously determined that the proper sentencing range for his case, under the Federal Sentencing Guidelines, was 77 to 96 months. He further contends that the proper sentencing range should have been 63 to 78 months. According to Petitioner, if the trial court had imposed a sentence at the top of the supposedly correct range, (63 to 78 months), instead of the top of the supposedly incorrect range, (77 to 96 months), then his sentence would have been only 78 months, instead of 96 months. In

other words, Petitioner claims that if the trial court had properly calculated his sentencing range, his sentence would have been 18 months shorter.  (Id.)

For the reasons discussed below, the Court finds that Petitioner cannot challenge his sentence in a habeas corpus petition brought under 28 U.S.C. § 2241.  Petitioner's current claims for relief can be raised only in a motion brought before the original trial court, pursuant to 28 U.S.C. § 2255.

## II.  DISCUSSION

The fifth paragraph of 28 U.S.C. § 2255 provides that

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., 28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

As this statute clearly indicates, a federal prisoner normally can raise a collateral challenge to the validity of his conviction or sentence only by bringing a § 2255 motion in the court in which he was convicted.  See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241").  No court other than the original trial court has jurisdiction to hear a post-conviction challenge to a prisoner's conviction or sentence, unless the prisoner has affirmatively demonstrated that the remedy provided by section 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"  DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. section 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th

Cir. 1983)(per curiam).

Here, it is obvious that Petitioner is challenging the validity of the sentence imposed by the trial court in his Pennsylvania federal criminal case.  Therefore, Petitioner's current claims for relief can be raised only in a § 2255 motion brought before the court in which he was convicted and sentenced, unless he can show that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention."[1]

Petitioner has made no effort to show that a § 2255 motion would be "inadequate or ineffective," and the Court cannot independently discern any valid reason why Petitioner should not be required to pursue that remedy.  Based on past proceedings, Petitioner may believe that the trial court judge would not be inclined to review his sentence in a § 2255 proceeding.  However, this Court cannot simply assume that the trial court would not entertain a § 2255 motion from Petitioner.[2]  Because Petitioner has not demonstrated that

---

[1] Although Petitioner has named the federal Bureau of Prisons has the Respondent in this case, he clearly is not challenging the manner in which his sentence is being executed by that agency.  Instead, Petitioner is challenging the trial court's calculation of his sentence, when that sentence was imposed.  Because Petitioner is challenging the imposition of his sentence by the trial court, rather than the execution of his sentence by the Bureau of Prisons, his claims must be brought under § 2255, not § 2241.  Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004) (where prisoner brings a "challenge to the imposition of the sentence, not its execution... § 2255 is the appropriate section under which he must seek relief").

[2] The Court recognizes, of course, that Petitioner may, in fact, be barred from pursuing a motion for relief under § 2255 for one or more reasons.  For example, he may have waived that remedy by his plea agreement, or he may be ineligible for § 2255 relief under the rules governing procedural defaults, (see United States v. Frady, 456 U.S. 152, 164-65 (1982)), or by the one-year statute of limitations that applies to § 2255 motions, (see 28 U.S.C. § 2255 [¶ 6]).  However, even if Petitioner is ineligible for relief under § 2255 for some procedural reason, he still could not claim that § 2255 has become an "inadequate or ineffective remedy," and that he should therefore be allowed to seek habeas corpus relief under § 2241.  See  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has

the remedy provided by § 2255 is "inadequate or ineffective" for his current challenges to his sentence, his § 2241 habeas corpus petition cannot be entertained here.

Although the current petition could properly be dismissed without prejudice for lack of jurisdiction, (Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), the Court finds that the interests of justice would be better served by transferring this case to the only district that might properly be able to entertain Petitioner's current claims -- namely the Eastern District of Pennsylvania. See 28 U.S.C. §§ 1406(a) and 1631. The Court will therefore recommend that the instant petition be construed to be a motion for relief filed under 28 U.S.C. § 2255, and transferred to the trial court in that District. See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.] They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").

The Court recognizes that the instant habeas corpus petition cannot properly be construed to be a § 2255 motion unless two pre-conditions are met. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).[3] First, Petitioner must be warned – and he

---

already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire") (citations omitted); see also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

[3] See also Castro, 540 U.S. at 382-83.

hereby is warned – that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions, and he must therefore include all of his collateral claims in a single application for post-conviction relief.  If Petitioner has not included all of his collateral challenges in his current petition, he may want to consider withdrawing or amending his petition, so that he does not lose any of his claims under the rules governing successive § 2255 motions.  Id.  He should also be mindful of the statute of limitations that applies to § 2255 motions.  Id.[4]

Secondly, Petitioner must be given "an opportunity either to consent to the reclassification or to withdraw his motion."  Id.  If Petitioner wishes to take advantage of this opportunity mandated by Morales, and withdraw his current petition, he must do so, in writing, before the expiration of the deadline for filing objections to this Report and Recommendation.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be construed to be a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255; and

2. The Clerk of Court should be directed to transfer this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1406(a) and 1631.

---

[4] It is unclear how the one-year statute of limitations established by 28 U.S.C. § 2255 [¶ 6] may apply to this case, and the Court expresses no opinion on that issue here.

Dated: August 30, 2007

                                          s/ Arthur J. Boylan
                                          ARTHUR J. BOYLAN
                                          United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 14, 2007.