UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keith Fisher,                                          Civ. No. 07-3822 (PAM/AJB)

               Petitioner,

v.                                                               **ORDER**

Bureau of Prisons,

               Respondent.

_____

      This matter is before the Court on Petitioner's objections to United States Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") dated August 30, 2007. For the reasons that follow, the Court will adopt the R&R and transfer the case to the Eastern District of Pennsylvania for further proceedings.

      As Magistrate Judge Boylan observed, Petitioner's challenge involves how his sentence was computed. Specifically, the Petition alleged that the sentencing court miscalculated Petitioner's sentencing range under the Sentencing Guidelines. (See, e.g., Pet. § 9(a), p. 3 (stating grounds for Petition as "The miscalculation of my sentence"); see also Pet. p. 4A (noting alleged error in calculation of Petitioner's total offense level and resulting Guidelines range).) In his Objections to the R&R, Petitioner contends that he is not challenging the sentencing court's miscalculation of his sentence but rather the failure of the Bureau of Prisons ("BOP") to correct that miscalculation. (Objections at 2-3.) Thus, according to Petitioner, he is challenging the execution, not the computation, of his sentence.

Petitioner's labels aside, his challenge is to the sentence he received from the sentencing court. He has provided the Court with no authority indicating that the BOP has the power to substantively change an inmate's sentence once the sentence is imposed. His Petition is clearly a challenge to his original sentence, which the R&R correctly determined must be brought as a Motion pursuant to 28 U.S.C. § 2255 in the court that sentenced Petitioner, namely the Eastern District of Pennsylvania. The Court will therefore construe the Petition as a Motion under § 2255 and will transfer this matter to the Eastern District of Pennsylvania.

As emphasized in the R&R, the re-characterization of a petition as a motion under § 2255 can have certain serious consequences for a petitioner's claims. The Court reminds Petitioner that the re-characterization of his Petition means that any subsequent § 2255 motion will be subject to the limitations on second or successive motions under § 2255. Castro v. United States, 540 U.S. 375, 383 (2003). Therefore, the Court will afford Petitioner another chance to withdraw his Motion prior to the transfer of this action. Petitioner should not construe this occasion as an opportunity to renew his objections to the R&R or to argue the merits of his case. If Petitioner wishes to pursue the merits of his claims, he must do so under the rubric of § 2255 in the Eastern District of Pennsylvania.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 2) is **ADOPTED**;

2. Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1) is construed as a Motion pursuant to 28 U.S.C. § 2255;

3. Petitioner has 20 days from the date of this Order to withdraw his Motion without prejudice; and

4. Should Petitioner fail to withdraw his Motion within the time permitted, the Clerk of Court is hereby **DIRECTED** to transfer this action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1406(a) and 1631.

Dated: October 1, 2007

                                                  s/ Paul A. Magnuson
                                                  Paul A. Magnuson
                                                  United States District Court Judge